UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
: 
PATRICK BROWN and COLLIN VINCENT,              :
:
Plaintiffs,           :
:
-against-                  :
:  No. 1:25 Civ. 01220 (PAE)
NATIONAL FOOTBALL LEAGUE, INC. and NFL         :
ENTERPRISES LLC,                               :
:
Defendants.           :
:
:
------------------------------------------------------------------------x

**REPLY IN FURTHER SUPPORT OF
DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

Defendants the National Football League (incorrectly named as National Football League, Inc.) and NFL Enterprises LLC (together, the "NFL"), by and through their attorneys, hereby submit this reply memorandum of law in further support of their Request for Judicial Notice (Dkt. No. 30) ("RJN") in support of their Motion to Dismiss the Amended Complaint for Injunctive Relief (Dkt. No. 28) pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and 12(b)(6).

Plaintiffs cannot and do not dispute the accuracy of the exhibits—comprising of public-facing websites and documents—which Defendants request the Court take judicial notice of, or that such documents are of the type that Courts routinely take judicial notice of. Instead, Plaintiffs object to Defendants' request by alleging Defendants seek to "use" such documents improperly to introduce competing evidence or contradict allegations critical to the case and arguing that exhibits that reflect screenshots of public-facing websites and social media accounts are not properly authenticated. *See generally* Plaintiffs' Opposition to Defendants' Request for

Judicial Notice (Dkt. No. 36) ("RJN Opp."). Plaintiffs' objections are meritless, and Defendants' Request for Judicial Notice should be granted.

*First*, Plaintiffs mischaracterize the nature of Defendants' request for Judicial Notice. Defendants do *not* "seek to short-circuit the process of pleading a viable relevant product market by introducing their own evidence to discredit Plaintiffs' allegations" about facts which are subject to "reasonable dispute." RJN Opp. at 2–3. There is no reasonable dispute that the public-facing websites and social media threads exist and contain the content that Defendants submitted in the exhibits accompanying their Request for Judicial Notice. Defendants do not ask the Court to take judicial notice of the content of those website and social media accounts for the truth of the matters asserted (*e.g.* that a certain player was injured on a certain date), but rather simply of the fact that the content exists on the particular website or social media feed. The Court can and should take judicial notice of the fact that such publicly available content exists and consider it in assessing the plausibility of Plaintiffs' allegations, including as to their purported injury, market definition, and harm to competition. *See, e.g., N. J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 127 n.11 (2d Cir. 2013) (quoting *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir.2008)) (emphasis added) ("[C]ourts considering a motion to dismiss may 'take judicial notice of the *fact* that press coverage ... contained certain information' so long as they do not rely on the '*truth*' of that information."). Indeed, Plaintiffs' arguments are inconsistent with black letter law recognizing that a court may consider "matters of which judicial notice may be taken" in deciding a Rule 12(b)(6) motion. *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

*Second*, the fact that the publicly available documents submitted by Defendants contradict critical allegations of the Amended Complaint is no reason to deny a request for

judicial notice. Indeed, it is entirely proper for the Court to consider publicly available documents not subject to reasonable dispute in assessing the truthfulness and plausibility of the allegations in a complaint. *See, e.g, Fowlkes v. Rodriguez*, 584 F. Supp. 2d 561, 574 (E.D.N.Y. 2008) (granting request for judicial notice and noting it was appropriate to "reject the truthfulness of [Plaintiffs'] allegations that are contradicted by the [publicly available] documents"). That documents subject to judicial notice contradict core allegations in the Amended Complaint and that consideration of such documents may be fatal to Plaintiffs' claims is not relevant to whether such documents are properly subject to judicial notice.

*Lastly*, Plaintiffs' claim that many of the exhibits for which judicial notice is sought are not properly "authenticated" is meritless. For Exhibits 3–6, Plaintiffs are simply incorrect that website snapshots obtained through the Wayback Machine are not properly authenticated and subject to judicial notice. As Defendants made clear in their Request for Judicial Notice, courts in this district routinely take judicial notice of website exhibits obtained through the Wayback Machine. *Lee v. Springer Nature Am., Inc.*, 769 F.Supp.3d 234, No. 24-CV-4493 (LJL), 2025 WL 692152, at *5 (S.D.N.Y. Mar. 4, 2025) (collecting cases taking judicial notice of websites captured through the Wayback Machine); *see also* RJN at 2–3. With respect to remainder of the public-facing social media feeds and posts to which Plaintiffs challenge authenticity (Exhibits 7–14, 18, 19), each exhibit includes a stamp that provides the title of the screen capture, the precise time at which the screen capture was taken, the web address of the screen capture. Plaintiffs offer no reason why the exhibits offered by Defendants are subject to "reasonable dispute" or are inauthentic. Indeed, Plaintiffs presumably confirmed their accuracy, as anyone could, by simply visiting the web addresses provided. Plaintiffs' request that the Court not consider publicly

3

available information disproving the core allegations of their Amended Complaint based on unfounded authenticity objections should be rejected.

In sum, for all the foregoing reasons and those stated in Defendants' opening brief, Defendant's Request for Judicial Notice should be granted.

Dated: New York, New York
       July 3, 2025

Respectfully submitted,

DEBEVOISE & PLIMPTON LLP

By:    /s/ Michael Schaper

Michael Schaper (*mschaper@debevoise.com*)
John Gleeson (*jgleeson@debevoise.com*)
J. Robert Abraham (*jrabraham@debevoise.com*)
66 Hudson Boulevard
New York, New York 10001
Tel: (212) 909-6000

Edward D. Hassi (*thassi@debevoise.com*)
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 383-8000

*Attorneys for Defendants the National Football League and NFL Enterprises LLC*